# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICOLAS LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0584-HE |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case was originally filed in the District Court of Oklahoma County, State of Oklahoma, against defendant Farmers Insurance Company ("Farmers"). According to the petition, Farmers had issued, as of February 10, 2009, an insurance policy in favor of plaintiff providing coverage for loss to plaintiff's home from wind and/or hail. Plaintiff alleges his roof received wind and/or hail damage on that date and that the interior of the home sustained water damage. The petition further alleges that Farmers wrongfully denied his claim for hail and water damage, apparently asserting claims for both breach of contract and breach of the duty of good faith and fair dealing.[1] On June 3, 2010, defendant Farmers removed the case to this court on the basis of diversity jurisdiction.

On June 9, 2010, plaintiff filed with the state district court an amended petition which purported to add Farmers Insurance Exchange ("Exchange") as a defendant. Exchange is alleged to be an unincorporated association made up of policyholders who are citizens of various states including Oklahoma. Thereafter, on June 15, 2010, plaintiff moved to remand

---

[1] The petition is not totally clear as to whether it asserts a contract claim in addition to the tort claim for breach of the duty of good faith and fair dealing.

this case to state court, arguing that the parties are not diverse (or at least won't be, if plaintiff is allowed to amend) and that the amount in controversy requirement is not met. Defendant Farmers filed its response on June 30. Among other things, the response noted that plaintiff had not sought leave from this or any court to amend his complaint and that, by the time he filed the amended petition in state court, the case was no longer pending there due to the removal. Plaintiff then filed in this court a motion for leave to file an amended complaint, which seeks to add Exchange as a party in substantially the same fashion as had the amended petition filed in state court.

Defendant has now responded to both pending motions. The time for filing a reply brief has passed without any further submission by plaintiff, so the motions are at issue.

As noted above, plaintiff challenges jurisdiction in this court based both on the claimed absence of diversity of parties and on an insufficient showing of amount in controversy. The court address the amount-in-controversy issue first.

Subject matter jurisdiction under 28 U.S.C. §1332(a) requires, in addition to diversity of citizenship, an appropriate showing that the amount in controversy exceeds "$75,000, exclusive of interest and costs." The amount in controversy is ordinarily determined by the allegations of the complaint (petition) or, if they are not dispositive, by the allegations in the notice of removal. <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995).[2] In the latter circumstance, the "burden is on the party requesting removal to set forth, in the notice

---

[2]*The amended petition filed with the state court after removal to this court was, of course, a nullity.*

of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" Id. at 873 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). This burden is established when the defendant affirmatively establishes jurisdictional facts that make it possible that more than $75,000 is in play. McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008). Here, the petition does not specify the amount of damages plaintiff is seeking.[3] It does, however, seek damages equal to the cost of repair of the roof. The notice of removal states that this cost, based on estimates submitted by plaintiff, is in excess of $42,000.[4] Further, plaintiff seeks unspecified amounts for water damage to the interior of the home. He also seeks an award of punitive damages, alleging that defendant's denial of his claim "amount[s] to a total disregard of obvious evidence," that its action were in reckless disregard of its obligations, that it acted "intentionally and with malice" in failing to pay the claim and that the actions of defendant "inflicted devastating financial consequences and other injury and damages upon the plaintiff." (Petit. ¶¶ 5–9.)

---

[3]*The Oklahoma Legislature amended the requirements of the Oklahoma Pleading Code, effective November 1, 2009, to require a party to include in his/her plea for relief a statement as to whether more or less than the federal jurisdictional limit is sought. 12 Okla. Stat. §2008(A)(2). The new requirement is ambiguous in various respects. For example, it requires a pleading to specify the actual dollar amount sought where it is "in an amount that is required for diversity jurisdiction . . . or less." But since the amount "required for diversity jurisdiction" is an amount in excess of $75,000, the new requirement appears to literally require a specific amount when the claim is either above or below the jurisdictional amount, a result which seems inconsistent with the statute as a whole. However, it is unnecessary to belabor the issue here, as the petition in this case says nothing at all about the dollar amount sought.*

[4]*Plaintiff attempts to rely on a lesser amount actually stated in the amended petition filed in state court. As noted above, that filing was a nullity and, coming after the removal, does not supply a basis for determining the amount in controversy as of the date of removal. Plaintiff does not dispute defendant's statement that he submitted to defendant a $42,000-plus estimate of the roof replacement cost.*

3

Although the assertion of a claim for punitive damages does not compel a conclusion that in excess of $75,000 is sought, the court concludes the punitive damages request here is sufficiently supported by factual allegations to, when coupled with the other actual damages sought, satisfy defendant's burden of showing over $75,000 to be in controversy.

The question of whether diversity is present here involves the related issue of whether plaintiff should now be permitted to amend and add Exchange as a party. There is no dispute that, as of the date this case was removed to this court, diversity of parties existed. Plaintiff was alleged to be an Oklahoma citizen. Farmers was alleged to be a Kansas corporation with its principal place of business in California. There is no suggestion these allegations were erroneous or are disputed. So the question becomes whether amendment should be permitted to add Exchange as a party, thereby adding a non-diverse defendant.

Both parties appear to assume that permitting the addition of Exchange as a party would necessarily force remand.[5] However, that is not the case. The Supreme Court has recognized that diversity jurisdiction, once established, is not necessarily defeated by the addition of a non-diverse party. Freeport-McMoRan Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). However, diversity jurisdiction <u>will</u> be destroyed if it is determined that the added, non-diverse party was <u>indispensable</u> to the action at the time it was commenced. Salt Lake Tribune Pub. Co. LLC v. AT&T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003). Whether

---

[5]*Defendant cites 28 U.S.C. §1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."*

a party is indispensable is determined by the factors set out in Fed. R. Civ. P. 19. It must first be determined whether the party sought to be added is "necessary" under 19(a). Second, the court must determine whether the party is "indispensable" under 19(b). Salt Lake, 320 F.3d at 1096–97.

Here, plaintiff asserts Exchange is a "necessary" party, but provides no meaningful argument as to why that is so. There is no apparent reason why complete relief could not be accorded among the existing parties without Exchange in the case. There is no apparent reason why Exchange's interests are going to be impacted adversely by not adding it here. Indeed, it is highly doubtful that plaintiff has any claim against Exchange at all.[6] In short, the present submissions do not establish a basis for concluding that Exchange is a necessary party, much less an indispensable one. As a result, under the above authorities, the addition of Exchange as a party would not defeat diversity jurisdiction.[7] There is therefore no reason to reject plaintiff's motion for leave to amend on the basis that it would destroy jurisdiction.

For the foregoing reasons, plaintiff's motion to remand [Doc. #13] is **DENIED**.

---

[6]*Defendant has not objected to the requested amendment on any substantive ground apart from the potential impact on jurisdiction. However, if and when raised, the court has considerable doubt that any claim is stated against Exchange, a non-party to the insurance contract. See Wathor v. Mut. Assurance Adm'rs, Inc. 87 P.3d 559 (Okla. 2004) (agents of an insurer do not ordinarily owe a duty of good faith since they are not parties to the contract). Further, plaintiff's conclusory allegations of "instrumentality" or alter ego-type liability are, at least at present, insufficient.*

[7]*If the result was otherwise, the court would deny leave to amend in these circumstances. It seems clear enough that plaintiff's purpose in adding Exchange is to defeat jurisdiction rather than to pursue a serious claim against it. There is no reason to assume that Farmers is not fully capable of meeting any judgment that might be entered against it here, based on the acts of its own employees or of Exchange's employees acting on Farmers' behalf.*

Plaintiff's motion for leave to amend its complaint [Doc. #18] is **GRANTED**. If, after realizing that the addition of Exchange will not impact the jurisdiction of this court or force remand, plaintiff still wishes to amend and add Exchange as a party, it may do so within **seven (7) days**. In that event, defendant is granted leave to file, if it chooses to do so, a further motion to dismiss as to Exchange raising such further issues as may be warranted.

**IT IS SO ORDERED**.

Dated this 27th day of July, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE